Stacy H. Rubin (SBN 228347)
rubins@ballardspahr.com
BALLARD SPAHR LLP
1980 Festival Plaza Drive, Suite 900
Las Vegas, NV  89135-2958
Telephone: 702.471.7000
Facsimile: 702.471.7070

Marcos D. Sasso (SBN 228905)
sassom@ballardspahr.com
BALLARD SPAHR LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.440
Facsimile: 424.204.4350

Attorneys for Defendant
Diamond Resorts U.S. Collection
Development, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE SORENSEN,<br><br>Plaintiff,<br><br>v.<br><br>DIAMOND RESORTS U.S. COLLECTION DEVELOPMENT, LLC, a Delaware limited liability company, SPENCER JEWELL, an individual; SEAN NAJERA, an individual; TODD DELEVIE, an individual; DOES 1-50, inclusive,<br><br>Defendants. | CASE NO.<br><br>**NOTICE OF REMOVAL**<br><br>(Pursuant to 28 U.S.C. § 1332 – Diversity) |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Diamond Resorts U.S. Collection Development, LLC,

("Diamond") removes the above-captioned action to the United States District Court for the Central District of California on the following grounds:

## I. Introduction

1. On May 24, 2019, Jacqueline Sorensen ("Sorensen") filed suit in the Superior Court of the State of California, County of Orange, entitled <u>Jacqueline Sorensen v. Diamond Resorts U.S. Collection Development, LLC, et. al.</u>, Case No. 30-2019-01072647-CU-FR-CJC.

2. Through the complaint, Sorensen seeks an award of damages, attorney's fees and costs.

3. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all copies of process, pleadings and orders received are attached as Exhibit A.

## II. The Parties Are Diverse

4. Sorensen alleges she is a resident of California. <u>See</u> Compl. at ¶ 1.

5. Defendant Diamond Resorts U.S. Collection Development, LLC is a Delaware limited liability company, with its principal place of business in Nevada. Its sole member is Diamond Resorts Developer and Sales Holding Company, which is a Delaware corporation with its principal place of business in Nevada. For purposes of diversity jurisdiction, Diamond Resorts Developer and Sales Holding Company is a resident of Delaware and Nevada.

6. The individual employees named in the complaint do not defeat diversity jurisdiction because they are fraudulently joined defendants. They do, however, consent to Diamond's removal.

7. Pursuant to the fraudulent joinder doctrine, a non-diverse defendant does not defeat diversity jurisdiction if the plaintiff cannot state a cause of action against the defendant under governing state law. <u>Ritchey v. Upjohn Drug Co.</u>, 139 F.3d 1313, 1318 (9th Cir. 1998).

8. Importantly, the fraudulent joinder rule does not require a showing that the plaintiff acted fraudulently or with the intent to defeat federal jurisdiction. <u>See</u>

AIDS Counseling & Testing Centers v. Group W Television, Inc., 903 F.2d 1000, 1003 (4th Cir. 1990) ("'Fraudulent joinder' is a term of art, it does not reflect on the integrity of plaintiff or counsel, but is merely the rubric applied when a court finds either that no cause of action is stated against the nondiverse defendant, or in fact no cause of action exists."); Greene v. Wyeth, 344 F. Supp. 2d 674, 685 (D. Nev. 2004) ("In this circuit, fraudulent joinder is a term of art which does not impugn the integrity of plaintiffs or their counsel and does not refer to an intent to deceive.") (internal quotation marks omitted); 13F Wright, Miller, & Cooper § 3641.1 ("Despite the wide use of the term 'fraudulent joinder,' the party seeking the federal forum…does not have to show that the joinder of a nondiverse party was motivated primarily by a desire to remain in state court or to prove that the state court plaintiff's conduct constituted fraud in some legal sense.").

9. Here, based on a plain reading of the complaint, Sorensen only asserts allegations against the Diamond Employees as <u>agents</u> of Diamond and not as individuals. See Compl. at ¶¶ 3-5; ¶ 15. See also McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987) (finding "On the basis of the complaint alone, the district court could rightly conclude that no cause of action had been stated against [defendants]. Their actions, according to the complaint, had been in their managerial capacity…were not alleged to have acted on their own initiative.").

10. Further, the complaint alleges that the Diamond Employees acted with the consent of Diamond. Id. ¶ 15. See also McCabe, 811 F.2d at 1339.

11. Moreover, the contracts that Sorensen contests specifically state that the definition of Diamond includes its employees and thus, demonstrates that all claims are against Diamond as opposed to its individual employees. See Ex. B-1 at ¶ 16.1.

12. For these reasons, this Court has jurisdiction because the Diamond Employees were fraudulently joined.

### III. The Amount in Controversy Exceeds $75,000

13. Sorensen's complaint seeks to adjudicate rights and obligations relating to a contract Sorensen entered into for a timeshare. See Compl. at ¶ 10.

14. Specifically, Sorensen alleges, among other things, that Diamond made fraudulent representations in connection with a timeshare contract (id. ¶¶ 7-25) and violated sections of the California Welfare & Institutions Code (id. ¶¶ 26-33).

15. Based on the allegations, Sorensen claims she is entitled to a monetary award not less than $50,000. Id. ¶ 24.

16. The complaint also requests punitive damages. Id. at pgs. 5-6. Here, based on the California Welfare and Institutions Code relied on by Sorensen, punitive damages can exceed the required $75,000 amount in controversy.[1] See e.g. Richards v. Bishop (In re Bishop), No. 2:16-bk-16503 RK, 2018 Bankr. LEXIS 501, at *72 (Bankr. C.D. Cal. Feb. 22, 2018) (court awarded $30,000 in punitive damages in a fraud and financial elder abuse case).

17. Further, the complaint also requests attorney's fees. Id. at pgs. 5-6. Fritsch v. Swift Transp. Co. of Ariz., LLC, 899 F.3d 785, 788 (9th Cir. 2018) (attorneys' fees can be included in determining the amount in controversy.); see also Richards, 2018 Bankr. LEXIS at *68 (court awarded $308,930.00 in a fraud and financial elder abuse case); Bell v. Mason, 194 Cal. App. 4th 1102, 1103, 125 Cal. Rptr. 3d 229, 230 (2011) (trial court awarded plaintiff $204,500 in attorney fees in elder financial abuse case.)

18. Based on the allegations enumerated in the complaint and the underlying contracts in dispute, the amount in controversy exceeds $75,000.

---

[1] "The Court may consider requested punitive damages in determining the amount in controversy." Network Indus. v. Jungheinrich Aktiengesellschaft, No. 11CV49 DMS (BLM), 2011 U.S. Dist. LEXIS 60081, at *8 (S.D. Cal. June 6, 2011) (citing Bell v. Preferred Life Assur. Soc. of Montgomery, Ala., 320 U.S. 238, 240, 64 S. Ct. 5, 88 L. Ed. 15 (1943); see also Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001). Further, the removing party may point to other awards for damages to demonstrate that the controversy in amount is met. Id.

### IV. The Procedural Requirements for Removal Are Satisfied

19. This Notice of Removal is timely. The Complaint was received and served on May 31, 2019. Diamond Defendants removed within the time allotted. See 28 U.S.C. §§ 1446(b).

20. The Central District of California is the proper district court for removal because the Superior Court of the State of California for the County of Orange is located within the United States District Court for the Central District of California.

21. Diamond is concurrently filing a copy of this Notice of Removal of Action with the Superior Court of the State of California for the County of Orange. Diamond will concurrently serve Sorensen with copies of this Notice of Removal and the Notice filed in the Action.

Dated: July 1, 2019.

Respectfully submitted,

BALLARD SPAHR LLP

By: */s/ Stacy H. Rubin*
Stacy H. Rubin
E-mail: rubins@ballardspahr.com
Marcos D. Sasso
E-mail: sassom@ballardspahr.com
*Attorneys for Defendant Diamond Resorts U.S. Collection Development, LLC*

5

## PROOF OF SERVICE

I am a resident of the State of Nevada, over the age of eighteen years, and not a party to the within action. My business address is **BALLARD SPAHR LLP**, 1980 Festival Plaza Dr., Suite 900, Las Vegas, Nevada 89135. On July 1, 2019, I served the within documents:

**DIAMOND RESORTS U.S. COLLECTION DEVELOPMENT, LLC'S NOTICE OF REMOVAL**

☐ **BY MAIL**: by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☑ **BY E-MAIL**: by attaching an electronic copy of the document(s) listed above to the e-mail address listed below.

☐ **BY OVERNIGHT MAIL**: by causing document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

☑ **BY CM/ECF:** by electronically transmitting the document(s) listed above to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Filing to all CM/ECF registrants listed for this matter.

Suoo Lee (SBN: 280144)
Mousavi & Lee, LLP
19200 Von Karman Avenue, Suite 940
Irvine, CA 92612
Telephone: 949-864-9667
Facsimile: 949-622-8985
slee@mousavilee.com
Attorneys for Plaintiff Jacqueline Sorensen

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 1st day of July, 2019

                 /s/ Mary Kay Carlton
                 an employee of BALLARD SPAHR LLP