# EXHIBIT A

EXHIBIT A

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
Suoo Lee (SBN: 280144)
Mousavi & Lee, LLP
19200 Von Karman Avenue, Suite 940
Irvine, CA 92612
TELEPHONE NO.: (949) 864-9667 FAX NO.: (949) 622-8985
ATTORNEY FOR *(Name)*: Plaintiff Jacqueline Sorensen

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 W Civic Center Dr
MAILING ADDRESS: 700 W Civic Center Dr
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Central Justice Center

FOR COURT USE ONLY

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
05/24/2019 at 02:57:49 PM
Clerk of the Superior Court
By Mark Gutierrez, Deputy Clerk

CASE NAME:
Sorensen v. Diamond Resorts U.S. Collection Development, LLC, et al.

**CIVIL CASE COVER SHEET**

[✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less)

**Complex Case Designation**

[ ] Counter [ ] Joinder

Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 30-2019-01072647-CU-FR-CJC

JUDGE: Judge John C. Gastelum

DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [✓] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [✓] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [✓] punitive
4. Number of causes of action *(specify)*: 2; Fraud and Financial Elder Abuse
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 24, 2019
Suoo Lee
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.



Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
05/24/2019 at 02:57:49 PM
Clerk of the Superior Court
By Mark Gutierrez,Deputy Clerk

MOUSAVI & LEE LLP
SUOO LEE, SBN 280144
19200 Von Karman Ave, Suite 940
Irvine, California 92612
Telephone: (949) 864-9667
Facsimile: (949) 622-8985
E-mail: slee@mousavilee.com

Attorneys for Plaintiff Jacqueline Sorensen

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF ORANGE**

| | |
|---|---|
| JACQUELINE SORENSEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DIAMOND RESORTS U.S. COLLECTION DEVELOPMENT, LLC, a Delaware limited liability company, SPENCER JEWELL, an individual; SEAN NAJERA, an individual; TODD DELEVIE, an individual; DOES 1 – 50, inclusive,<br><br>Defendants. | Case No.: 30-2019-01072647-CU-FR-CJC<br>Assigned For All Purposes To:<br>Judge John C. Gastelum<br>Dept.:<br><br>**COMPLAINT FOR DAMAGES:**<br>**(1) FRAUD**<br>**(2) FINANCIAL ELDER ABUSE** |

Plaintiff complains and alleges as follows:

**GENERAL ALLEGATIONS**

1. Plaintiff, JACQUELINE SORENSEN (hereinafter "Plaintiff"), is an individual residing in Orange County, California, who is over the age of 65.

2. Defendant, DIAMOND RESORTS U.S. COLLECTION DEVELOPMENT, LLC (hereinafter "Diamond" or "Defendant"), is organized and existing under the laws of the state of Delaware, but doing business in the state of California, including in the County of Orange. Diamond is in the business of selling and managing vacation ownership interests or time-shares.

3. Defendant, SPENCER JEWELL (hereinafter "Jewell"), is an individual residing in California, and an agent of Diamond.

4. Defendant, SEAN NAJERA (hereinafter "Najera"), is an individual residing in California, and an agent of Diamond.

5. Defendant, TODD DELEVIE (hereinafter "Delevie"), is an individual residing in Irvine, California, and an agent of Diamond.

6. The true names and capacities of Defendants sued herein as DOES 1 - 50, inclusive, whether individual, corporate, partnership, association or otherwise, are unknown to Plaintiff and, as such, are sued by fictitious names pursuant to Section 474 of the *California Code of Civil Procedure*. Plaintiff will seek leave of court to amend this complaint to include their true names and capacities when ascertained.

**FIRST CAUSE OF ACTION**

**(Against All Defendants)**

**(Fraudulent Misrepresentation)**

7. Plaintiff hereby incorporates by reference paragraphs 1 – 6, as though fully set forth at this point.

8. On or around September 5, 2018, Plaintiff attended a meeting held by Diamond, where Plaintiff met Jewell. At this meeting, Plaintiff told Jewell that she wished to lessen the maintenance costs associated with her existing time-share interests.

9. In an attempt to induce Plaintiff to make the financial investment and purchase more time-share interests from Diamond, Jewell falsely and fraudulently represented to Plaintiff the following:

a. Transferring out of the Hawaiian collection and into the U.S. collection will decrease Plaintiff's maintenance costs with Diamond;

b. In order to transfer out of the Hawaiian collection, Plaintiff is required to purchase an additional 2,000 shares with Diamond;

c. Despite the purchase of 2,000 new shares, Plaintiff's overall financial burden will be lessened by the transfer into the U.S. collection.

10. As a result of these representations, Plaintiff agreed to purchase 2,000 new shares with Diamond for $10,000.00, and then paid Diamond $10,000.00.

11. On or around September 13, 2018, Plaintiff attended another meeting held by Diamond, and met with Najera and Delevie. At this meeting, Najera and Delevie represented to Plaintiff that (1) Plaintiff should not have been required to purchase 2,000 new shares to transfer out of the Hawaiian collection and into the U.S. collection, and (2) Plaintiff should not have been required to pay $10,000.00 to transfer out of the Hawaiian collection.

12. Then, in an attempt to induce Plaintiff to make further financial investments and further purchase time-share interests from Diamond, Najera and Delevie, individually and collectively, falsely and fraudulently represented to Plaintiff the following:

a. Diamond will cancel the purchase of the 2,000 new shares, and refund the $10,000.00 to Plaintiff;

b. Diamond had approved of the refund of the $10,000.00 and would be returning the money to Plaintiff through an account with Barclays bank;

c. Plaintiff had to sign some documents confirming the cancellation of the purchase of the 2,000 shares and the refund of the $10,000.00.

13. As a result of these representations, Plaintiff signed the documents that were presented to her. At no point in time was Plaintiff given the opportunity to read the documents in question. Plaintiff was simply shown the signature lines and directed to sign her name.

14. Upon information and belief, Plaintiff alleges that the documents she signed are a series of standardized contracts with Diamond, including a Purchase and Security Agreement ("Agreement"). The Agreement was written solely by Diamond, a party with superior bargaining power. At no time did the Plaintiff have any ability to negotiate the terms of the standardized form agreements utilized by Diamond and the standardized form agreements were at all times presented to Plaintiff on a "take it or leave it" basis.

15. At all relevant times, Jewell, Najera, and Delevie were authorized representatives and sales persons in the employ of Diamond, charged with the responsibility of inducing potential buyers to purchase Diamond's products and authorized to speak on Diamond's behalf. The

representations made by Jewell, Najera, and Delevie were made with the knowledge and consent of Diamond.

16. The true facts were that purchase of 2,000 new shares did not lessen Plaintiff's financial burden with Diamond, and that the purchase of 2,000 new shares should not have been required to reduce Plaintiff's maintenance costs.

17. The true facts were that the Agreement Plaintiff was asked to sign was not for the cancellation of the purchase of 2,000 shares and refund of Plaintiff's $10,000.00; rather, the Agreement was a purchase agreement whereby Plaintiff was purportedly purchasing 10,000 new shares for $40,000.00 under a financing agreement with Barclays bank.

18. When Defendants made these representations they knew them to be false, and these representations were made by Defendants with the intent to defraud and deceive Plaintiff, with the intent to induce Plaintiff to act in the manner herein alleged and enter into the Agreement.

19. When the Defendants made these representations, they knew that Plaintiff was a widow over the age of 70, and that Plaintiff wanted to reduce her expenses related to Diamond.

20. Plaintiff was unaware of the falsity of these representations at the time the representations were made by Defendants, and did not discover the falsity of these representations until months after signing the Agreement, when Barclays began sending notices regarding the loan.

21. At the time Plaintiff took the actions herein alleged, she was ignorant of the falsity of Defendants' representations and believed them to be true, inter alia, because Diamond held itself as a reputable company duly licensed by the state of California and with years of experience as developers in the time-share industry.

22. Plaintiff exercised reasonable diligence and could not have discovered the fraud and falsity in the representations until such time as when Barclays notified her of the outstanding loan.

23. If Plaintiff had been aware of the true facts, Plaintiff would not have agreed to the Agreement.

24. By reason of Defendants' actions, Plaintiff has been damaged in the amount of at least $50,000.00. Diamond and Barclays continue to charge Plaintiff various fees and interest related to the Agreement.

25. In doing the things herein alleged, Defendants, jointly and severally, acted with oppression, fraud, and malice and Plaintiff is entitled to punitive damages.

**SECOND CAUSE OF ACTION**

**(Financial Elder Abuse)**

**(*Welfare & Institutions Code* §§ 15610.30 et seq.)**

26. Plaintiff hereby incorporates by reference paragraphs 1 - 25, as though the same was more fully set forth at this point.

27. At all relevant times, the Plaintiff was an elderly person over the age of 65, and was uniquely susceptible to being cheated out of her money.

28. At all relevant times, Diamond took, secreted, appropriated, obtained, or retained Plaintiff's money for a wrongful use and with intent to defraud

29. At all relevant times, Jewell, Najera, and Delevie assisted in the taking, appropriating, obtaining, and retaining of Plaintiff's money for a wrongful use and with intent to defraud.

30. Plaintiff was harmed, and Defendants' conduct was a substantial factor in causing Plaintiff's harm.

31. At all relevant times, the Defendants knew or should have known that by entering into the Agreement, Plaintiff's financial burden would increase and likely cause Plaintiff harm.

32. Plaintiff has retained Mousavi & Lee LLP, attorneys duly licensed by the state of California, and has incurred reasonable attorney fees, according to proof.

33. In doing the things herein alleged, Defendants acted with oppression, fraud, and malice and Plaintiff is entitled to punitive damages.

WHEREFORE, Plaintiff prays judgment against Defendants and DOES 1-50 and each of them as follows:

1. For general damages of $50.000.00 plus fees and interest.

2. For costs of suit herein incurred.

3. For such other and further relief as is proper and just.

4. For punitive and exemplary damages.

5. For reasonable attorney fees.

Dated: May 24, 2019

MOUSAVI & LEE, LLP

/s/ Suoo Lee

SUOO LEE, ESQ.
Attorneys for Plaintiff

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>STREET ADDRESS: 700 W. Civic Center DRIVE<br>MAILING ADDRESS: 700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME: Central Justice Center | FOR COURT USE ONLY<br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>Jun 19, 2019<br>Clerk of the Superior Court<br>By: Diana Acosta, Deputy |
|---|---|
| PLANTIFF:JACQUELINE SORENSEN | |
| DEFENDANT:DIAMOND RESORTS U.S. COLLECTION DEVELOPMENT, LLC et.al. | |
| Short Title: SORENSEN vs. DIAMOND RESORTS U.S. COLLECTION DEVELOPMENT, LLC | |
| **NOTICE OF HEARING** | CASE NUMBER:<br>30-2019-01072647-CU-FR-CJC |

Please take notice that a(n),Case Management Conference has been scheduled for hearing on 11/01/2019 at 08:45:00 AM in Department C11 of this court, located at Central Justice Center .

Clerk of the Court, By: [signature], *Deputy*

**PROOF OF SERVICE**

**JACQUELINE SORENSEN v. DIAMOND RESORTS U.S. COLLECTION DEVELOPMENT, LLC, et al.**

**Orange County Superior Court**

**Case No. 30-2019-01072647-CU-FR-CJC**

I am employed in the county of Orange, State of California at **MOUSAVI & LEE, LLP.** I am over the age of 18 and not a party to the within action; my business address is 19200 Von Karman Avenue, Suite 940, Irvine, CA 92612.

On June 24, 2019 I served the foregoing documents described as: **NOTICE OF HEARING** on the following interested parties in this action:

Holly Ann Priest, Esq.
BALLARD SPAHR, LLP
One Summerlin, 1980 Festival Plaza Drive, Suite 900
Las Vegas, NV 89135

Telephone: (702) 868-7517
Facsimile: (702) 471-7070
priesth@ballardspahr.com

*Attorneys for Defendants Diamond Resorts U.S. Collection Development, LLC, Spencer Jewell and Todd Delevie*

**BY MAIL:** I enclosed the documents in a sealed envelope or package addressed to the persons listed above and (1) deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid, or (2) placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**BY ELECTRONIC SERVICE VIA ONELEGAL EFILING SERVICE:** I served the above-entitled document(s) through the OneLegal E-Filing Service at www.onelegal.com addressed to all parties appearing on the electronic service list for the above-entitled case. A copy of the One Legal Service Receipt Page/Confirmation will be maintained with the original document(s) in this office.

**BY OVERNIGHT DELIVERY:** I enclosed the documents in a sealed envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses indicated above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

**BY PERSONAL SERVICE:** I personally delivered the documents to the persons at the addresses indicated above. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's

residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

XX **BY EMAIL TRANSMISSION**: I caused the aforementioned document(s) to be served via electronic mail to the electronic addressee(s) listed on the attached mailing list. Such document was transmitted successfully from my e-mail address to the indicated addressee(s).

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 24, 2019 at Irvine, California.

Cheyenne Villanueva, Declarant